UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-091 |
| | ) | |
| TRACY LYNN MARZIANI | ) | |

## MEMORANDUM AND ORDER

The defendant pled guilty to conspiring to transport minors in interstate commerce for prostitution. She will be sentenced on March 12, 2015.

The United States Probation Office has prepared and disclosed a Revised Presentence Investigation Report ("PSR") [doc. 121]. In material part, the PSR recommends imposition of eight sex-offender supervision conditions taken from this court's Local Rules. *See* E.D. Tenn. L.R. 83.10(b). The defendant objects to four of those special conditions. She also objects to the application of United States Sentencing Guideline 2G1.3(b)(2)(B) which increases her offense level by two for unduly influencing a minor to engage in prohibited sexual conduct.

The defendant's objections are unaccompanied by citation to caselaw or any other authority. As such, the defendant has arguably forfeited her objections in their entirety. Nonetheless, the court will address the defendant's objections in turn. For the reasons that follow, those objections will be sustained in small part but otherwise overruled.

I.

*U.S.S.G. 2G1.3(b)(2)(B)*

This case involves two minors who were taken to a motel to engage in prostitution with construction workers staying at that motel. The minors were born in April 1996 and October 1998. [Doc. 103, p. 80, 101]. The defendant was born in October 1985. The commentary to Guideline 2G1.3(b)(2)(B) provides in material part,

> In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior. The voluntariness of the minor's behavior may be compromised without prohibited sexual conduct occurring.
>
> . . .
>
> In a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies. In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor.

U.S. Sentencing Guidelines Manual § 2G1.3 cmt. 3(B) (2013).

The defendant objects that one of the minors was already "well known . . . as a prostitute." [Doc. 123, p.1]. The defendant further contends that both minors "eagerly and readily agreed to join the activities." [Doc. 123, p.2]. Lastly, the defendant cites her documented borderline intellectual functioning. In light of these assertions, she argues "that the evidence does not support that the minor[s] [were] unduly influenced to engage in the sexual activities." [Doc. 123, p.1].

2

To resolve this objection, the court need look no further than the plea agreement signed by the defendant and her attorney in March 2014. In her plea agreement,

> . . . [T]he defendant agrees and stipulates to the following facts . . . .
>
> . . .
>
> Marziani had *arranged for* both females to accompany her and [codefendant Jerry] Johnson . . . . The defendant Marziani knew that both females were under the age of 18.
>
> . . . During the drive [from Virginia to Tennessee], defendant Marziani *instructed* the two females about prostitution, rates to charge, and explained that Johnson was a pimp.
>
> . . . Johnson, Marziani, and [codefendant Mellisa] Roper initially met with the construction workers and then . . . *escorted* the two underaged females . . . and *introduced them to* the male construction workers . . . .
>
> Marziani introduced the two underaged females to the male construction workers . . . . Marziani *arranged for* one of the two underaged females to perform oral sex on one of the construction workers, who paid $100 for the sexual act. *Marziani received a portion of the $100*.
>
> . . .
>
> On or about June 21, 2013, the defendant agreed and conspired with Jerry Franklin Johnson and Mellisa N. Roper to transport two underaged females in interstate commerce from Bristol, Virginia to Johnson City, Tennessee, for the purpose of engaging the two underaged females in prostitution, i.e., the provision of sexual services for money. At all relevant times, defendant Marziani intended that the two underaged females engage in prostitution . . . .

[Doc. 41, p.2-4] (emphases added).

These admissions alone warrant the imposition of subsection 2G1.3(b)(2)(B), but the record in this case also contains the transcript of defendant's testimony at codefendant Roper's trial. In material part, the defendant testified that:

1. Her role in the conspiracy was "to get the girls." [Doc. 103, p.126].

2. On the drive from Virginia to Tennessee, "I said that we were going to make some money, if they [the minors] wanted to make some money . . . ." [Doc. 103, p.131].

3. Upon arriving at the motel, "I said these are the two girls, and we were here to prostitute." [Doc. 103, p.133].

4. The defendant discussed prostitution with the construction workers who responded that "they were going to pick one of the girls." [Doc. 103, p. 133-34].

5. After one of the minors engaged in a sex act for $100.00, the minor then initially handed the money to the defendant. [Doc. 103, p.134].

6. The defendant's reason (or "plan") for going to the motel was to "make some money" by prostituting the two minors. [Doc. 103, p.139-40].

Additionally, the above-cited admissions are consistent with the minors' trial testimony. Both minors testified that the defendant guided them up the motel stairs and toward or into the construction workers' rooms. [Doc. 103, p.87, 115].

The court is satisfied that the defendant "unduly influenced a minor to engage in prohibited sexual conduct." U.S.S.G. § 2G1.3(b)(2)(B). "[S]ome degree of undue influence can be presumed" because the defendant is at least ten years older than the minors. U.S.S.G. § 2G1.3 cmt. 3(B). The defendant's alleged borderline intellectual functioning did not prevent her from admittedly arranging for, instructing, escorting, and introducing the minors as prostitutes for her own financial gain. Further, a minor can be

"unduly influenced" for purposes of subsection 2G1.3(b)(2)(B) even if the minor is not entirely innocent. *See, e.g., United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009). In the present case, the defendant: instructed the minors regarding prostitution; negotiated with the customers; led the minors to those customers' rooms; and profited financially. The court accordingly finds that the defendant's "influence over the minor[s] compromised the voluntariness of the minor[s'] behavior." U.S.S.G. § 2G1.3 cmt. 3(B). Guideline 2G1.3(b)(2)(B) is properly applied in this case, and the defendant's first objection will be overruled.

II.

*Special Conditions of Supervision*

Next, as noted, the PSR recommends imposition of eight of the sex-offender special conditions of supervision found in this court's Local Rule 83.10(b). The defendant objects to four of those conditions in full or in part.

> A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. First, the condition must be "reasonably related to" several sentencing factors. These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." Second, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." Because they are written in the conjunctive, a

5

condition must satisfy all three requirements. However, a condition need not satisfy every single factor and purpose within each of the first two requirements.

*United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (footnote and citations omitted) (emphasis added).

## A. Local Rule 83.10(b)(1), (b)(7), and (b)(8)

The PSR recommends imposition of the special conditions found at Local Rule 83.10(b)(1), (b)(7), and (b)(8). Those conditions provide:

> (b)(1) The defendant shall participate in a program of sex offender mental health treatment at his/her own expense, as approved by the probation officer, until such time as he/she is released from the program by the probation officer. The defendant shall comply with the policies and procedures of the treatment program. The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the United States Probation Officer, and to authorize open communication between the probation officer and the treatment providers.
>
> (b)(7) The defendant shall submit to a psychosexual assessment at his/her own expense, as directed by the probation officer.
>
> (b)(8) The defendant shall submit to polygraph testing at his/her own expense, as directed by the probation officer, in order to determine if he/she is in compliance with the conditions of supervision, or to facilitate sex offender treatment. The defendant shall be truthful during polygraph evaluations.

The defendant objects to the requirement that treatment and testing would be at her own expense. The defendant speculates that upon her release from imprisonment she may or may not have income and health insurance. Presuming without deciding that this speculative objection is even ripe, *see, e.g., United States v. Lee*, 502 F.3d 447 (6th Cir. 2007), the defendant's arguments are not well-taken.

6

Applying the *Carter* test, the court first finds that Local Rule special conditions 83.10(b)(1), (b)(7), and (b)(8) are reasonably related to several sentencing factors. The defendant's offense of conviction (knowingly prostituting minors for her own financial gain) was egregious. Further, a competency evaluation was performed in this case. That evaluation reveals both the defendant's lengthy substance abuse history and her need for mental health treatment. In light of all these facts, the court is satisfied that the Local Rule 83.10 treatment and monitoring conditions (b)(1), (b)(7), and (b)(8) are reasonably related to the sentencing considerations of: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to protect the public from further crimes of the defendant; and the defendant's need for medical care and other correctional treatment. *Carter*, 463 F.3d at 529.

As for *Carter*'s second prong, the court finds that Local Rule 83.10 conditions (b)(1), (b)(7), and (b)(8) involve no greater deprivation of liberty than is reasonably necessary for the sentencing purposes of adequate deterrence, protection of the public, and rehabilitation. The defendant's concern that she may not be able to afford testing or treatment in the future is speculative and premature. Imposition of these ssupervision conditions is not a greater-than-reasonably-necessary degree of restriction in light of the defendant's disturbing offense of conviction, her substance abuse history, and her mental health issues.

As for *Carter*'s final prong, the court finds that imposition of Local Rule 83.10 conditions (b)(1), (b)(7), and (b)(8) would be consistent with pertinent policy statements issued by the Sentencing Commission. Regarding sex offender mental health

7

treatment and assessment, Guideline 5D1.3(d)(7)(A) is a policy statement of the Sentencing Commission.  That policy statement notes the importance (where the offense of conviction is a sex offense) of conditions "requiring the defendant to participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders."  Guideline 5D1.3(d)(5), another policy statement, recommends that "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment[,] a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office" may be appropriate.

Regarding the polygraph requirement, Guidelines 5D1.3(c)(2) and (3) are policy statements of the Sentencing Commission noting the importance of truthful reporting to the probation officer.  Further, as mentioned above, Guideline 5D1.3(d)(7)(A) recognizes the importance of programs for monitoring sex offenders while on supervision.  Polygraphs "are tools to help the probation officer monitor defendant's rehabilitation and compliance with release conditions[.]" *United States v. Wilson*, No. 98-5373, 1998 WL 939987, at *3 (6th Cir. Dec. 22, 1998).  "The probation office's use of polygraph testing . . . is reasonably related to [defendant's] status as a sex offender, the need to deter further criminal conduct and to protect the public, and [defendant's] own correctional treatment." *United States v. Teeple*, 447 F. App'x 712, 713 (6th Cir. 2012); *accord Wilson*, 1998 WL 939987, at *3.

For these reasons, the court finds that imposition of Local Rule 83.10 special conditions (b)(1), (b)(7), and (b)(8) satisfies *Carter*'s three-pronged test in this case.  The defendant's objections to these conditions will be overruled.  The court will,

however, impose special condition (b)(7) in a slightly modified form which the court has used previously. That form is as follows:

> The defendant shall submit to a psychosexual assessment at her own expense, as directed by the probation officer. *However, if a psychosexual assessment is performed by the Bureau of Prisons during her term of imprisonment, a second psychosexual assessment shall not be ordered if the probation officer determines the Bureau of Prisons' assessment is sufficient*.

## B. Local Rule 83.10(b)(3)

Lastly, the PSR recommends imposition of the special condition found at Local Rule 83.10(b)(3) which provides:

> The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he/she be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about any place where children under the age of 18 normally congregate (public parks, playgrounds, etc.) or any business that caters to and/or targets child customers.
>
> The defendant objects to this special condition

to the extent that it prohibits her from residing in the same house, being alone with or associating at all with her own minor children without the written permission of the probation officer. This condition also prohibits, with or without permission, the defendant from attending or accompanying her own minor children who are still infants and young children to any playground, school event, or even McDonalds. The defendant requests that the condition be removed, or in the least modified to exclude her own children or accompanying her own children from this condition.

Ms. Marziani further requests that this condition be modified to allow association with or accompanying minor children of other immediate family members or friends without special written permission on every occasion as long as such association is in the presence of parents or guardians of those minor children.

[Doc. 123, p.4-5].

9

Case 2:13-cr-00091-RLJ   Document 140   Filed 02/09/15   Page 9 of 11   PageID #: 1251

Returning to the *Carter* test, the court first finds for the reasons stated in the preceding section of this opinion that Local Rule special condition 83.10(b)(3) is reasonably related to the sentencing considerations of: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need to protect the public from further crimes of the defendant. *Carter*, 463 F.3d at 529. As for *Carter*'s second prong, for the reasons stated in the preceding section of this opinion, the court finds that Local Rule 83.10(b)(3) involves no greater deprivation of liberty than is reasonably necessary for the sentencing purposes of adequate deterrence and protection of the public. Any potential family inconvenience that may be experienced by the defendant is outweighed by those sentencing concerns.

As for *Carter*'s final prong, the court finds that imposition of Local Rule 83.10(b)(3) would be consistent with pertinent policy statements issued by the Sentencing Commission. Several policy statements recognize the importance of protecting the public from future crimes of a defendant. *See, e.g.*, U.S.S.G. §§ 5D1.3(c)(9), (c)(13), (d)(7)(B), (e)(5).

For these reasons, the defendant's objection to Local Rule 83.10(b)(3) will be overruled. The court will, however, impose special condition (b)(3) in a slightly modified form as follows:

> The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he/she be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about any place where children under the age of 18 normally congregate (public parks, playgrounds, etc.) or any business that caters to and/or targets child customers, *without the prior written approval of the probation officer.*

10

Case 2:13-cr-00091-RLJ   Document 140   Filed 02/09/15   Page 10 of 11   PageID #: 1252

III.

*Conclusion*

The court will impose Local Rule 83.10 special conditions of supervision (b)(3) and (b)(7) in the following modified forms:

> (b)(3) The defendant shall not associate and/or be alone with children under 18 years of age, nor shall he/she be at any residence where children under the age of 18 are residing, without the prior written approval of the probation officer. In addition, the defendant shall not visit, frequent, or remain about any place where children under the age of 18 normally congregate (public parks, playgrounds, etc.) or any business that caters to and/or targets child customers, *without the prior written approval of the probation officer.*
>
> (b)(7) The defendant shall submit to a psychosexual assessment at her own expense, as directed by the probation officer. *However, if a psychosexual assessment is performed by the Bureau of Prisons during her term of imprisonment, a second psychosexual assessment shall not be ordered if the probation officer determines the Bureau of Prisons' assessment is sufficient*.

In all other respects, the defendant's "Objections to Second Revised Presence Report" [doc. 123] are **OVERRULED**. Further, the defendant's objections [docs. 85, 112] to prior versions of her PSR are **OVERRULED AS MOOT**. Sentencing remains set for March 12, 2015, at 10:30 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge